UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION


CARLOS DOMINIQUE ALLEN                                    PETITIONER

v.                          CIVIL ACTION NO. 3:25-CV-00328-TSL-BWR

BURL CAIN                                                 RESPONDENT


ORDER

This cause is before the court on the December 19, 2025 report and recommendation of United States Magistrate Judge Bradley Rath, recommending that respondent Burl Cain's motion to dismiss be granted and that the petition be dismissed with prejudice as time barred.  Petitioner Carlos Dominique Allen has filed objections to which respondent has replied.[1]  The court agrees with the report and recommendation's conclusion that petitioner is not entitled to equitable tolling, such that petitioner's objection on this issue is due to be overruled, and respondent's motion granted as to equitable tolling.  However, as explained below, the existence of an unresolved factual issue(s) requires that respondent's motion, as it relates to statutory tolling, be denied without prejudice to refiling and

---

[1]    Petitioner's motion for leave to file a reply in support of his objection is granted.

1

that the matter be recommitted to the magistrate judge for further proceedings.[2]

In February 2022, petitioner was convicted in state court of drug-related offenses for which he was sentenced to a one-hundred-year term of imprisonment without the possibility of early release or parole, upon a finding that he was a subsequent and non-violent habitual drug offender.  Following his state court direct appeal and post-conviction proceedings, in February 2025, he filed his § 2254 motion, setting forth four grounds for relief.[3]  On July 18, 2025, under Rule 4 of the Rules Governing Section 2254 Cases,[4] the court ordered the respondent to file an answer or other responsive pleading and further directed him to file complete transcripts and records of all proceedings in the

---

[2]    Following the court's review of the report and recommendation, the court may accept, reject or modify the recommendation of the magistrate; receive further evidence in the case; or recommit the matter to the magistrate with further instructions.  See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

[3]    The petition was originally filed in the Northern District and later transferred to this court.

[4]    Rule 4 provides:
    The clerk must promptly forward the petition to a
    judge under the court's assignment procedure, and the
    judge must promptly examine it.  If it plainly appears
    from the petition and any attached exhibits that the
    petitioner is not entitled to relief in the district
    court, the judge must dismiss the petition and direct
    the clerk to notify the petitioner. If the petition is
    not dismissed, the judge must order the respondent to
    file an answer, motion, or other response within a
    fixed time, or to take other action the judge may
    order. . . .

state court of Mississippi arising from the charges for which Allen was convicted.

Thereafter, on August 12, 2025, respondent filed his motion to dismiss, arguing that Allen's judgment became final on December 19, 2023, and thus, absent tolling, to be timely, his § 2254 petition was required to be filed by December 19, 2024. See 28 U.S.C. § 2244(d)(1)(one-year limitation period applies from "date on which judgment became final by conclusion of direct review or expiration of time for seeking such review"). Respondent conceded Allen was entitled to some statutory tolling under 28 U.S.C. § 2244(d)(2), which provides that a petitioner is entitled to tolling for period of time in which a properly-filed motion for state post-conviction relief is pending; and to this end, he purported to credit Allen with 59 days of statutory tolling beginning on September 3, 2024, the date that his post-conviction relief motion was received by the Mississippi Supreme Court, through October 31, 2024, the date on which the Mississippi Supreme Court denied his motion.  Contending that Allen was entitled to no equitable tolling, respondent calculated Allen's § 2254 petition as being due in this court on or before Monday, February 17, 2025, and urged dismissal was required as his petition was not filed until February 28, 2025. See Lookingbill v. Cockrell, 293 F.3d 256, 265 (5th Cir. 2002) (AEDPA relies on precise filing deadlines to trigger specific

3

accrual and tolling provisions.  Adjusting the deadlines by only a few days in both state and federal courts would make navigating AEDPA's timetable impossible.  Such laxity would reduce predictability and would prevent us from treating the similarly situated equally.  We consistently have denied tolling even where the petition was only a few days late.").

As the report and recommendation correctly recites, the applicable statute of limitations is set out in § 2244(d)(1)(A), which provides a one-year limitation period running from the date the petitioner's judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.  Contrary to Allen's apparent assertion,[5] the report and recommendation further correctly concludes that (1) Allen's conviction became final on December 19, 2023, fourteen days after the Mississippi Court of Appeals denied his petition for rehearing on his direct appeal, so that without statutory or equitable tolling, his petition in this court was due to be filed on or before December 19, 2024.  See Gonzalez v. Thaler, 565 U.S. 134, 150, 132 S. Ct. 641, 653–54, 181 L. Ed. 2d 619

---

[5]    While the written portion of Allen's objections focuses only on the report and recommendation's finding that he is not entitled to equitable tolling, his exhibit A to the petition is a timeline wherein he appears to continue to maintain that he is entitled to an additional ninety days of statutory tolling, from December 27, 2023, to March 26, 2024, a ninety-day window in which he believes he could have sought certiorari from the United States Supreme Court.

(2012) (holding that for petitioners who do not seek direct review by the Supreme Court, the judgment becomes final when the time for pursuing direct review by the Supreme Court, or in state court, expires, and that where petitioner "did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired.").

From there, as respondent had urged, the report and recommendation finds that Allen is entitled to 59 days of statutory tolling based on his having filed his state post-conviction relief motion on September 3, 2024. See § 2244(d)(2). Then, using September 3, 2024 as the filing date for the post-conviction relief motion, the report and recommendation, as respondent had further urged, concludes that Allen's § 2254 petition was due to be filed in this court by Monday, February 17, 2025;[6] and it concludes that since petitioner is not entitled to equitable tolling, his § 2254 petition is time barred because it was not filed until February 28, 2025.

Statutory Tolling

---

[6]    Because Monday, February 17, 2025, was President's Day, a legal holiday on which the court was closed, under Federal Rule of Civil Procedure 6(a)(1), assuming 59 days of statutory tolling, Allen's deadline would have been Tuesday, February 18, 2025.

In the undersigned's opinion, one, and perhaps two factual issues preclude granting respondent's motion as it pertains to statutory tolling.[7]  First, the report and recommendation does not accurately determine the date on which Allen filed his state motion for post-conviction relief.  That motion and the other documentation affixed to it, which were received and formally docketed by the Mississippi Supreme Court on September 3, 2024, reflect that Allen signed them on August 20, 2024, two weeks before they were received by the Mississippi Supreme Court.  If Allen utilized the legal mail system of the Mississippi Department of Corrections (MDOC) to transmit his post-conviction relief motion to the Mississippi Supreme Court, as it appears he did,[8] then under Mississippi's mailbox rule, the motion is

---

[7]    The court's conclusion in this regard is the same under either a "plainly appears" standard under Rule 4, see supra n.2, and Sran v. Brazelton, No. 1:12-CV-01304 MJS HC, 2013 WL 1866955, at *1 (E.D. Cal. Apr. 17, 2013)(using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies), or one more akin to a 12(b)(6), 12(c) or summary judgment standard, see Martinez v. Healy, No. 4:24-CV-00833, 2025 WL 2021533, at *3 (N.D. Ohio July 18, 2025) (concluding that respondent's Rule 12(b)(6) motion, as the court may permit to be filed under Rule 4, was properly considered as a Rule 12(c) motion and would take into consideration "the [petition] and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein.") (cleaned up).

[8]    Although the record supplied by respondent at Dkt. 18 does not contain the envelope in which Allen's motion was mailed, the Mississippi Supreme Court's webpage includes the envelope.  See Allen v. Miss., 2024-M-01011, Motion # 2024 – 2985 (Miss. S. Ct.

considered to have been filed and pending as of the date it was delivered to prison officials for mailing.  See Sykes v. State, 757 So. 2d 997, 1000-01 (Miss. 2000) ("We hold that a pro se prisoner's motion for post-conviction relief is delivered for filing under the UPCCRA and the Mississippi Rules of Civil Procedure when the prisoner delivers the papers to prison authorities for mailing.  Prison authorities may initiate such procedures as are necessary to document reliably the date of such delivery, by means of a prison mail log of legal mail or other expeditious means.  Henceforth, an inmate's certificate of service will not suffice as proof."); see also Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006) (reviewing de novo district court's order dismissing § 2254 petition as time-barred, holding that state court's adoption of mailbox rule is entitled to respect from federal court, and remanding to allow district court to determine date on which petitioner delivered his post-conviction relief application to prison authorities and, if necessary, to consider the substance of his claims for relief).

While under Sykes, Allen's certificate of service dated August 20, 2024, is not sufficient to establish that his motion was delivered to prison officials on that date, the motion was

---

Sept. 3, 2024).  While the postmark on the scanned image of the envelope is not visible, it does clearly reflect that Allen used MDOC's legal mail system to send his motion to the Mississippi Supreme Court.

necessarily delivered to prison officials for mailing on a date prior to its receipt by the Supreme Court on September 3, 2024. It follows that Allen is entitled to more than the 59 days of statutory tolling that he was credited in the report and recommendation.  If Allen delivered his post-conviction relief motion to officials as early as August 20th or as late as the 22nd or 23rd (December 19, 2024, plus 73 to 71 days), his filing in this court may be timely.

Additionally, depending on when Allen deposited his motion in the prison filing system, the date on which he filed his § 2254 petition could also become an issue.  If Allen deposited his motion in the MDOC's mailing system by August 22, 2024, or earlier, his § 2254 petition is clearly timely, while if he deposited the motion on August 24, 2024, or later, his § 2254 petition is untimely.  However, if he deposited it on August 23, 2024, he would be entitled to 70 days of statutory tolling such that a § 2254 petition filed on February 27, 2025, the day that Allen declares he placed his petition in MDOC's prison mailing system, would be timely.  On page 21 of the petition, Allen declares under penalty of perjury that he placed the petition in the prison mailing system on February 27, 2025.  See United States v. Duran, 934 F.3d 407, 412 (5th Cir. 2019) ("Under the prison mailbox rule, a pro se prisoner's pleading is considered filed when the document is placed in the prison mailing

8

system."); Rules Governing Section 2254 Cases Rule 3(d) (paper filed by confined inmate is timely if deposited in institution's internal mailing system on or before the last day of filing and "[t]imely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 . . . which must set forth the date of deposit and state that first class postage has been prepaid").[9] If petitioner's declaration is to be credited, it would seem that his petition would be deemed to have been filed on February 27, 2025, not February 28, as reflected in the report and recommendation.

Having conducted a de novo review of the report and recommendation, the court concludes that the magistrate judge correctly found that petitioner is not entitled to equitable tolling and adopts that portion of the report and recommendation as the finding of the court.  Petitioner's objection on this issue is overruled.

However, based on the foregoing, the court declines to adopt the report and recommendation insofar as it purports to find: (1) the date that the state post-conviction relief motion was filed; (2) that Allen was entitled to only 59 days of

---

[9]    Allen used the standard habeas form to complete his petition.  This form makes provision for a petitioner to declare under penalty of perjury that the date on which it was placed in the prison mailing system but does not call upon a petitioner to declare under penalty of perjury that he has prepaid his postage.

9

statutory tolling; (3) that Allen's § 2254 petition was filed on February 28, 2025; and that (4) Allen's petition is time barred because it was not filed before February 17, 2025.  The court further finds that since it is neither plain from the petition nor has it been demonstrated by respondent that the petition is untimely, the respondent's motion, to the extent it seeks a ruling on the amount of statutory tolling due to Allen, is denied with leave to reurge.  It is further ordered that the case is hereby recommitted to the magistrate judge for further proceedings.

SO ORDERED this the 27th day of January, 2026.


/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE